JOHN H. WEIDNER, Appellant, v. EDWARD F. RONAN, CITY OF BINGHAMTON, ARTHUR J. OGDEN, as Comptroller of the City of Binghamton, CHARLES E. SWEET, as Treasurer of the City of Binghamton, and CHARLES W. KRESS, as Mayor of the City of Binghamton, Respondents.— Appeal from an order of the Supreme Court, entered in the Broome county clerk's office on March 20, 1940, granting a motion to dismiss the complaint and for judgment on the pleadings in favor of defendant Ronan upon his counterclaim and denying a cross-motion of the plaintiff for judgment on the pleadings and from a judgment entered on the same day pursuant to said order. The action was to determine whether plaintiff or defendant Ronan is the special city judge of the city of Binghamton. Plaintiff and defendant Ronan have both been selected to fill a vacancy in this office. Plaintiff was nominated by the council of the city while the defendant Ronan was appointed by the mayor. The question is which party is lawfully entitled to hold the office. The council purported to act under the power conferred upon it by section 7 of chapter 482 of the Laws of 1931, commonly known as the Binghamton City Court Act, which provides that at the first regular meeting

of the council held in the month of December, 1931, and every four years thereafter, the common council shall, by ballot, elect a special city judge who shall take office on the first day of the next succeeding January and serve as such for a term of four years. Since January 1, 1938, the city of Binghamton has been operating under plan F of the Optional City Government Law. (Laws of 1914, chap. 444.) In December, 1939, plaintiff was elected special city judge by the council and during the same month the defendant Ronan was appointed special city judge by the mayor. Section 44 of the Optional City Government Law (also cited as section 544 of the Unconsolidated Laws) provides that judicial officers within the city shall continue to be elected as heretofore but if by the charter or general law such judge or judges are appointive they shall continue to be appointed, by the council elected under plans A, B and C or by the mayor elected under plans D, E and F, and for such terms as are now fixed. This statute is controlling in the present instance. The office was not elective but appointive under this statute and consequently the mayor was authorized to make such appointment. Judgment and order unanimously affirmed, with costs. The court certifies that a question of law is involved which ought to be reviewed by the Court of Appeals and leave is granted to the appellant to appeal to the Court of Appeals, if so advised. Present — Hill, P. J., Crapser, Bliss, Schenck and Foster, JJ.